# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HODGE,<br><br>  Plaintiff,<br><br>  v.<br><br>GARZA, et al.,<br><br>  Defendants. | Case No. 1:16-cv-00001-DAD-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).**<br><br>**(Docs. 1)**<br><br>**30 DAY DEADLINE** |

Gary Hodge complains that prison officials found him guilty of a serious prison rules violation. (Doc. 1.) The violation claimed he possessed a cell phone but he asserts that the phone was not his. Id. Plaintiff alleges that he is completely innocent of this charge; that he was not allowed to introduce evidence of his cell-mate's admission of ownership or other exculpatory evidence; that the defendants refused to reverse the guilty finding; and that this guilty finding lead to a lengthening of his sentence.  Plaintiff seeks an order reversing all punitive effects of the SRVR finding from his record.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the

1

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

The complaint does not contain any allegations to show that Plaintiff's finding of guilt under the SRVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. To the contrary, the very relief he seeks is to have the guilty finding set aside.

Accordingly, it is HEREBY ORDERED that within **30 days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **April 5, 2016**              /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE