# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HODGE,<br><br>    Plaintiff,<br><br>    v.<br><br>GARZA, et al.,<br><br>    Defendants. | Case No.  1:16-cv-00001-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).**<br><br>**(Docs. 1, 10)**<br><br>**21 DAY DEADLINE** |

After reviewing the complaint in this action, the Court ordered Plaintiff to show cause why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) and *Edwards v. Balisok*, 512 U.S. 641 (1997).  (Doc. 10.)  Plaintiff did not respond.

Plaintiff's allegations complain that prison officials wrongly found him guilty of a serious rules violation alleging he possessed a cell phone, though he claimed it was not his.  (Doc. 1.) Plaintiff alleges that he is completely innocent of this charge and that he was not allowed to introduce exculpatory evidence, including his cell-mate's admission that he owned the cell phone. He claims that the defendants refused to reverse the guilty finding against him and that this extended his release date.  He seeks an order reversing all punitive effects of the finding.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874

1

(9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

Plaintiff admits that the guilty finding has not been addressed by an appeal or through a petition for writ of habeas corpus. Thus, the action must be dismissed. Moreover, because these deficiencies are not capable of being cured through amendment, the Court does not recommend leave to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Based on the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's complaint (Doc. 1) be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **21 days**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2016**                          **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE